United States District Court
Southern District of Texas
**ENTERED**
December 10, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Stacie Marie Jones, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-19-4088 |
| | § | |
| Dollar Tree Stores, Inc., | § | |
| *Defendant*. | § | |

# Memorandum and Recommendation

Stacie Marie Jones filed this premises-liability action against Dollar Tree Stores, Inc. ("Dollar Tree") after she injured her foot leaving a Family Dollar store. Pending before the court are Defendant's motions for summary judgment (D.E. 12, 25), Defendant's objections to and motion to strike Plaintiff's summary judgment evidence (D.E. 17), and Defendant's motion to strike Plaintiff's initial disclosures (D.E. 23). These motions are before the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). (D.E. 24.)

The court recommends that Defendant's first motion for summary judgment be DENIED as moot and Defendant's second motion for summary judgment be GRANTED. Defendant's objections and motions to strike are denied.

1. **Background**

On April 1, 2018, Jones went to a neighborhood Family Dollar store, where she had shopped at least twice a week for more than nine years. (D.E. 25-3 at 6.)

Prior to the incident made the basis of this lawsuit, she had never been struck by the door at that store. *Id.* at 12.

At her deposition, Jones explained what occurred on the date of the incident as she was leaving the store through the same door she had entered: "I was leaving out the door, and I was turning the cart, and[,] when I moved from the door, it swiftly closed." (D.E. 25-3 at 7, 10.) A video of Jones's exiting the store shows her pushing the door open with her backside as she pulled the cart through the door and turned it in the direction her body was facing. (D.E. 25-2.) The video does not show the door closing swiftly. *Id.* According to Jones, the door hit her "bottom right heel." (D.E. 25-3 at 7.) She continued away from the store toward her vehicle. *Id.* As she loaded her purchases, Jones noticed that her foot was bleeding. *Id.* After she returned to her residence, she cleaned and wrapped her foot. *Id.* at 7–8.

On April 2, 2018, Jones returned to the Family Dollar store and reported the incident to a store manager. (D.E. 25-3 at 8.) On April 3, 2018, she sought treatment at Advanced Diagnostics Hospital–East, where medical personnel numbed the area and cleaned and bandaged the wound. *Id.* at 15. In early May 2018, Jones spoke about the incident with Gabriella Barrs, an employee of Family Dollar store who had been working on the day of the incident. *Id.* at 8–9.

In September 2019, Jones filed suit in state court asserting a claim for premises liability. (D.E. 1-3.) Dollar Tree removed the case to federal court in

2

October 2019. (D.E. 1.) Upon conferring about discovery as required by Federal Rule of Civil Procedure 26(f), the parties agreed to provide initial disclosures by December 15, 2019. (D.E. 6 at 2.) Jones did not timely provide her initial disclosures. (D.E. 12 at 53.) On January 22, 2020, the court set the discovery deadline as July 31, 2020, set the motion deadline as August 28, 2020, and set the trial term as January/February 2021. (D.E. 8.) On February 2, 2020, Dollar Tree served Jones's counsel with its first set of interrogatories and first set of requests for production. (D.E. 12 at 25.) Dollar Tree sought, among other items of information, the names and contact information for all witnesses and for each person expected to testify. *Id.* at 30. Jones did not timely respond to the discovery requests. *Id.* at 53. On March 9, 2020, Dollar Tree requested dates on which Plaintiff would be available for her deposition. *Id.* at 52. Jones's counsel did not respond. *Id.* at 53. Despite Jones's failure to respond to the discovery requests or the deposition request, Dollar Tree did not move to compel responses.

In May 2020, Dollar Tree filed its first motion for summary judgment arguing that Jones had no evidence to prove her claim because she had not made the initial disclosures, responded to the discovery requests, or answered the email requesting Plaintiff's availability to be deposed. (D.E. 12.) Jones responded to the motion on July 6, 2020, after receiving an extension of time. (D.E. 16.) She attached as exhibits

her affidavit, Barrs' affidavit, and an unauthenticated medical report of her medical treatment dated April 3, 2018. *Id.*

On July 9, 2020, Dollar Tree filed objections to Jones's evidence and a motion to strike the evidence, arguing that Jones could not rely on evidence that she failed to disclose or produce in discovery and that the medical records and portions of the affidavits were inadmissible. (D.E. 17.) On August 17, 2020, Jones filed a supplemental response to Defendant's summary judgment motion without leave of court and attached exhibits showing that, in late July, she made her initial disclosures and responded to Defendant's discovery requests. (D.E. 22.) The following day, Dollar Tree moved to strike Jones's initial disclosures as untimely and incomplete. (D.E. 23.) Dollar Tree later filed a second motion for summary judgment, and Plaintiff timely responded relying on the evidence submitted with her response to Defendant's first motion. (D.E. 25, 26.)

2. **Objections and Motions to Strike**

Jones, through her counsel, failed on several fronts to comply with the rules and deadlines for conducting discovery in federal court. No discovery at all was provided until Dollar Tree filed a motion for summary judgment pointing out the lack of evidence. Notably, Jones's counsel waited nearly nine months after removal to identify Barrs as a witness who was likely to have discoverable information under Rule 26(a)(1)(A)(i). Jones was aware of Barrs on the day of the incident and spoke

4

with her about the incident a few weeks later. Jones should have disclosed Barrs shortly after removal, without any prompting or motion. Jones also failed to provide Barrs' information in response to interrogatories.

Counsel for Jones argued in response to the first motion for summary judgment that Dollar Tree's complaints about Jones's failure to participate in discovery were not warranted, because Dollar Tree had not filed a motion to compel. (D.E. 16.) It appears to be Jones's position that discovery is not required without a motion. That is not true. Rule 33 requires responses to interrogatories within thirty days. Rule 34 requires the same for requests for production. Rule 37 gives teeth to the other discovery rules by permitting motions to compel and/or forbidding the use of documents and information not provided in response to a properly served discovery response. But Dollar Tree should not have had to file motions to get the basic information about Jones's case. That is not how the rules are intended to work.

The court recognizes that it has the discretion to strike nearly all of Jones's evidence. In this case, the court declines to exclude the late-provided information because summary judgment is warranted even if the court considers all the information presented. Counsel for Ms. Jones is admonished, however, that compliance with the discovery rules is not optional.

Defendant's objections to and motion to strike Plaintiff's summary judgment evidence (D.E. 17), and Defendant's motion to strike Plaintiff's initial disclosures (D.E. 23) are denied.

### 3. Motion for Summary Judgment

Defendant raised multiple arguments in favor of summary judgment, including that Plaintiff failed to show that the door of the Family Dollar store was a dangerous condition that posed an unreasonable risk of harm. The court finds this issue to be dispositive.

#### A. Standard of Review

"Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the nonmovant, 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Davenport v. Edward D. Jones & Co.*, 891 F.3d 162, 167 (5th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). No genuine issue of material fact exists if a rational jury could not find for the nonmoving party based on the complete record. *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 455 (5th Cir. 2019) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

"The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Lincoln Gen.*

*Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). If this burden is met, the nonmovant must then "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant must "go beyond the pleadings," using competent summary judgment evidence to cite to "specific facts" showing a genuine issue for trial. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 468 (5th Cir. 2010) (quoting *Celotex Corp.*, 477 U.S. at 324). The court reviews all evidence and reasonable inferences in the light most favorable to the nonmoving party. *Lincoln Gen. Ins. Co.*, 401 F.3d at 350.

    B. Analysis

A premises owner or occupier has "a duty to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition about which the property owner knew or should have known." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010). The duty imposed is neither strict liability nor insurance against all injuries. *See Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 162 (Tex. 2007); *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102 (Tex. 2000). The elements of a premises-liability claim are: "(1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable

care to reduce or eliminate the risk was the proximate cause of injuries to the invitee." *Henkel v. Norman*, 441 S.W.3d 249, 251–52 (Tex. 2014).

"A condition poses an unreasonable risk of harm . . . when there is a 'sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen.'" *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002) (quoting *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 754 (Tex. 1970)). Whether a condition is dangerous and therefore poses an unreasonable risk of harm is generally a fact-specific consideration. *See Britton v. Home Depot U.S.A., Inc.*, 181 F. Supp.3d 365, 369 (S.D. Tex. 2016) (quoting *Hall v. Sonic Drive-In of Angleton, Inc.*, 177 S.W.3d 636, 646 (Tex. App.—Houston [1st Dist.] 2005, pet. denied)); *cf. Brinson Ford, Inc.*, 228 S.W.3d at 163 ("A condition is unreasonably dangerous if it presents an unreasonable risk of harm."). Summary judgment is warranted as a matter of law when the plaintiff produces no evidence that the condition identified posed an unreasonable risk of harm. *Britton*, 181 F. Supp.3d at 369 (citing cases); *see Martin v. Chick-Fil-A*, No. 14-13-00025-CV, 2014 WL 465851, at *3 (Tex. App.—Houston [14th Dist.] Feb. 4, 2014, no pet.) (citing cases) ("[C]ourts have held as a matter of law that a condition did not pose an unreasonable risk of harm.").

Among factors that courts have recognized as evidence that a premises condition presents an unreasonable risk of harm are: (1) prior incidents; (2) reports

8

of potential danger or complaints; (3) violations of building or safety standards; (4) defects in the premises condition; and (5) unusual characteristics. *See generally Univ. of Tex.-Pan Am. v. Aguilar*, 251 S.W.3d 511, 513 (Tex. 2008) (citing cases) (finding water hoses placed across walkways did not pose a dangerous condition where no tripping incidents had occurred in the previous five years); *Brinson Ford, Inc.*, 228 S.W.3d at 163 (finding no unreasonable risk of harm where the ramp met safety standards and no injuries or complaints had occurred in prior ten years); *Seideneck*, 451 S.W.2d at 754 (finding no unreasonable risk of harm where no evidence was presented that the rug was defective, that the rug was an unusual type, or that prior incidents had occurred); *Williams v. Adventure Holdings, L.L.C.*, No. 05-12-01610-CV, 2014 WL 1607374, at *5 (Tex. App.—Dallas Apr. 22, 2014, pet. denied) (finding an escalator did not pose an unreasonable risk of harm in the absence of evidence of prior injuries, defective or unusual construction, inherently dangerous or hazardous placement, or noncompliance with applicable standards).

Plaintiff failed to point to evidence on any factor in support of a finding that the door presented a dangerous condition. Plaintiff testified at her deposition that, when she opened the door to enter the store on the day of the incident, it rubbed against the adjacent door making it difficult to open. (D.E. 25-3 at 10.) In her affidavit, Plaintiff stated only that "[t]he door was difficult to open" and that it "closed very quickly." (D.E. 16-1 at 1–2.) In Barrs' affidavit her description of the

9

door's function is similar. She says "[the door] would jerk and close quickly, or not close at all, or very slowly." (D.E. 16-2 at 1.) She states further that "[t]he door was very heavy to open and would swing close very quickly." *Id.* at 2.

These descriptions of the door's function are not enough to raise a fact issue on unreasonable risk of harm. There is no evidence that anyone else was injured by the door. This was a business open to the public. Both employees and customers were using the door. The absence of any other injuries is significant. Moreover, Jones had shopped at the store more than once a week for years and had never had any issue with the door. She entered the store by that door on the same day. *Cf. Dietz v. Hill Country Rests., Inc.*, 398 S.W.3d 761, 767 (Tex. App.—San Antonio 2011, no pet.) (finding that, in addition to no prior injuries or complaints, the plaintiff's prior use of walkway without incident cut against a finding of an unreasonable risk of harm). At best, the descriptions of the door's function show that its operation was unpredictable. But "[a] condition is not unreasonably dangerous simply because it is not foolproof." *Brinson Ford*, 228 S.W.3d at 163.

The video of Plaintiff's exit from the store does not show the door malfunctioning or operating in a manner that presented any probability that a harmful event might occur. (D.E. 25-2.) The court could identify nothing out of the ordinary. There is no fast or slow opening or closing. *Id.* It appears that Jones pushed the door open with her backside and then began to walk away. *Id.* It does not appear

that she had any difficulty with the door. *Id.* During her deposition, when shown the video of her exit, Jones was unable to identify when the door struck her ankle, much less explain how a defect in the door caused her injury. (D.E. 25-3 at 20, 23.) *See Smith v. BH Mgmt. Servs., LLC*, CIVIL ACTION NO. 4:16-CV-00886-ALM-CAN, 2017 WL 5127238, at *3 (E.D. Tex. Sept. 26, 2017) (finding that the plaintiff's failure to show that the alleged defect posed an unreasonable risk of harm or how it caused the plaintiff's injury warranted granting summary judgment); *Shoemaker v. Kohl's Dep't Stores, Inc.*, No. 05-16-00273-CV, 2017 WL1192797, at *4 (Tex. App.—Dallas March 31, 2017, no pet.) (finding that the plaintiff's speculation that something may have been wrong with the chair was not evidence of an unreasonable risk of harm).

Again, Jones must present at least some evidence that the door posed an unreasonable risk of harm such that a reasonably prudent person would have foreseen a person being injured when going through it. *Cnty. of Cameron*, 80 S.W.3d at 556. Jones has presented nothing more than the assertion that she was injured by the door at the Family Dollar store, which is not sufficient to survive summary judgment. *See Thoreson v. Thompson*, 431 S.W.2d 341, 344 (Tex. 1968) ("[T]he fact an accident happens is no evidence that there was an unreasonable risk of such an occurrence; because almost any activity involves some risk of harm."); *Shoemaker*, 2017 WL 1192797, at *3 ("[T]he fact that [the plaintiff] fell is not, by itself, proof

11

of an unreasonably dangerous condition."). Thus, even viewing the evidence in this case in a light most favorable to Plaintiff, the court finds that she has failed to produce any evidence that the door at the Family Dollar store posed an unreasonable risk of harm.

### 4. Conclusion

Because Plaintiff failed to produce any evidence that the condition of the door on Defendant's premises posed an unreasonable risk of harm, the court recommends that the motion for summary judgment be GRANTED.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on December 10, 2020.

_____
Peter Bray
United States Magistrate Judge